IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-01695-MSK-MJW

TRUSTEES OF THE COLORADO LABORERS' HEALTH AND WELFARE FUND,
TRUSTEES OF THE COLORADO LABORERS' AND CONTRACTORS' EDUCATION AND TRAINING TRUST FUND,
TRUSTEES OF THE COLORADO LABORERS' DISTRICT COUNCIL VACATION FUND,
TRUSTEES OF THE COLORADO LABORERS' NATIONAL PENSION FUND,
TRUSTEES OF THE OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR COLORADO,
TRUSTEES OF THE COLORADO OPERATING ENGINEERS' VACATION FUND,
TRUSTEES OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, and
TRUSTEES OF THE COLORADO JOURNEYMEN AND APPRENTICE TRAINING FUND FOR OPERATING ENGINEERS,

       Plaintiffs,

v.

ADAMS EXCAVATING, INC., a Colorado corporation,
THOMAS E. RICHARDSON, and individual, and
LINDA S. RICHARDSON, an individual,

       Defendants.

**PRE-TRIAL PREPARATION AND TRIAL SETTING ORDER
- BENCH TRIAL (CIVIL)**

The above-captioned matter has been scheduled for a **two (2) day bench trial** on the docket of the Honorable Marcia S. Krieger in the United States District Court for the District of Colorado, Courtroom A901, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, to commence at **9:00 a.m. on April 3, 2007.** This setting is on a trailing docket in a second position.

To ensure that the parties are adequately prepared for trial as scheduled, this Order sets forth numerous requirements and deadlines. Counsel should review this Order carefully and allot sufficient time in their schedules to complete the tasks required. **Non-compliance with the requirements in this Order may result in the imposition of sanctions.**

**A. Pre-Trial Conference**. A Pre-Trial Conference is set for **January 11, 2007 at 8:00 a.m. Lead counsel who will try the case and the party (or, in the case of legal entities, a representative of the entity with full authority to discuss and approve settlements) shall attend**.

The purpose of the conference is to ensure that the parties are **fully prepared** to proceed to trial, to review and approve the Proposed Pre-Trial Order, and to address any procedural or substantive concerns that threaten the efficiency or fairness of the trial.

At the Pre-Trial Conference, the Court will set a deadline for the filing of any remaining motions *in limine*, and, if appropriate, may schedule one or more Trial Preparation Conferences or direct the parties to contact the Magistrate Judge to schedule one or more settlement conferences. Counsel shall have their calendars available at the Pre-Trial Conference to expedite such scheduling.

**B. Proposed Pre-Trial Order**. Counsel shall meet and confer sufficiently in advance of the Pre-Trial Conference to jointly develop a Proposed Pre-Trial Order conforming to the following requirements. Completion of the Proposed Pre-Trial Order will require counsel to have fully assessed the case and prepared for trial. For a case to be fully ready for trial, the parties must have made final determinations as to the claims and defenses they intend to present, the elements of those claims or defenses, the particular witness testimony and exhibits necessary to prove those elements and the time it will take to present the required evidence.

      1.  Format of the Proposed Pre-Trial Order

Except as specifically modified herein, the Proposed Pre-Trial Order shall be in the format of Appendix G of this Court's Local Civil Rules, available at the Court's website.  *See* www.co.uscourts.gov/forms/fin_pre_ord_new.pdf.  The parties shall modify the format of Appendix G in the following respects:

      **Section 3: Claims and Defenses**

Any party may elect to omit a summary of the claims, defenses, facts, and legal theories. If a party includes a narrative summary, such summary shall not exceed one page in length.

Regardless of whether a narrative is included, this section **MUST** include a separate enumeration of each claim to be tried and an identification of the party with the burden of proof. If claims are asserted pursuant to state law, the parties shall also designate which state's law applies to each claim.  Within each enumerated claim, the parties shall separately enumerate every element of that claim.  Any elements which are stipulated should be designated as such.  For each contested enumerated element, the party with the burden of proof shall identify each fact that will be offered to prove that element, including all witness(es) and/or exhibit(s) through which such facts will be offered.  **A narrative statement or reference to prior pleadings is not sufficient to satisfy this requirement**.

Where affirmative defenses, counterclaims, or cross-claims are also asserted, the enumeration of claims shall also include these claims or defenses in the same format.  To the extent that the parties disagree on the allocation of the burden of proof or the necessary elements of a claim, the dispute should be noted in a footnote with citations to authority supporting each side's position.

      **NOTE**: **Any claims or affirmative defenses not specifically identified and supported as required will be deemed waived.**

**Example**:    *Claim 1: Breach of contract under Colorado law*
              Plaintiff has burden of proof on all elements
              **Elements:**    **(i)-(iii) offer, acceptance, consideration**
                              (a) the parties stipulate that these elements are satisfied
                      **(iv) performance by the plaintiff**
                              (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc.  (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 4)
                              (b) The widgets conformed to the specifications in the contract.  (Testimony of Peter Plaintiff; Exhibit 2)
                              (c) The widgets were delivered on the date set by the

contract. (Exhibit 2)
### (v) non-performance by the defendant
(a) Widget Packers, Inc. failed to remit payment on the terms set by the contract. (Testimony of Barry Bookkeeper; Exhibit 2)
(b) Peter Plaintiff has made several written demands for payment. (Peter Plaintiff; Exhibits 3, 5, 7)
### (vi) damages
(a) Peter Plaintiff has been damaged in the contract amount of $10,000. (Testimony of Peter Plaintiff; Exhibit 2).

*Claim 2: Unjust Enrichment under Colorado law*
Plaintiff has burden of proof on all elements
**Elements:** **(i) Defendant has received a benefit**
(a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc. pursuant to a contractual agreement. (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 2, 4).
### (ii) the benefit is at the Plaintiff's expense
(a) Widget Packers, Inc. failed to remit payment on the terms set by the contract. (Testimony of Barry Bookkeeper, Exhibit 2)
### (iii) justice requires that Defendant reimburse the Plaintiff for the benefit received
(a) The widgets have a market value of $15,000. (Testimony of Peter Plaintiff)
(b) Don Defendant is in breach of the contract. (Testimony of Peter Plaintiff)

*Affirmative Defense to Claim 2: Failure to mitigate under Colorado law*
Defendant has burden of proof on all elements
**Elements:** **(i) Plaintiff had a reasonable opportunity to avoid injury**
(a) On March 5, 2004, Don Defendant left a message on Peter Plaintiff's voice mail offering to return the crate of widgets unopened. (Testimony of Don Defendant; Peter Plaintiff)
(b) On March 8, 2004, Don Defendant wrote to Peter Plaintiff, offering to assign the contract for the purchase of widgets to WidgetCo. (Don Defendant; Warren Widget; Exhibit 6)
### (ii) Plaintiff unreasonably failed to avail itself of opportunities to avoid injury
(a) Peter Plaintiff did not respond to the March 5, 2004 message. (Don Defendant)
(b) Peter Plaintiff did not respond to the March 8, 2004

letter.  (Don Defendant)

### Section 4:  Stipulations of facts

The parties are advised that, pursuant to Fed. R. Civ. P. 11(b)(4), a refusal to stipulate to a particular fact must be predicated on the possession of or reasonable belief in the existence of contrary factual evidence.  A party who refuses to stipulate to particular facts should be prepared to identify and produce specific items of contradictory evidence, or to identify the anticipated source of such evidence and demonstrate why such evidence could not previously have been obtained.

### Section 5: Pending motions

In addition to the information required in Appendix G, parties shall also identify all motions either party anticipates making prior to trial, including the relief to be requested.

The parties are advised that the Court may address any pending motions at the Pre-Trial Conference, and counsel should be prepared to offer any additional arguments or authority on pending motions at that time.

### Section 6:  Witnesses

In lieu of the designations required in Appendix G, the parties shall submit a joint list of witnesses, including the maximum estimated length of time necessary for direct- and cross-examination.  The parties shall use the form at www.co.uscourts.gov/judges/msk_witness.pdf.  All potential witnesses shall be listed; witnesses shall not be designated as "may call" or "will call."  Witnesses who will be called in both the Plaintiff's and Defendant's case should be listed once, with the amount of time estimated for Plaintiff's direct examination, Defendant's direct examination, Plaintiff's cross-examination, and Defendant's cross-examination separately listed in the appropriate columns.

**The parties are advised that the cumulative time for examination of all witnesses should not exceed the time allotted for trial.**  A rough estimate of available trial time can be obtained by taking the scheduled length of trial in days, subtracting 1½ days (to account for afternoon jury selection, opening and closing statements, and jury charging), and allotting approximately 6 hours of trial time for each remaining full day. **If the maximum total time estimated for witness examination significantly exceeds the amount of trial time available, the Court may reduce pro-rata the amount of time available for examination of each witness or vacate the trial and re-schedule the matter for more trial days.**

### Section 7:  Exhibits

The listing of exhibits required in subsection (a) of this section shall be on a single joint exhibit list using the form available at www.co.uscourts.gov/judges/msk_exhibit.pdf.  If the parties stipulate to admissibility of the exhibit, the "stipulated" box shall be marked.  If the parties

stipulate to the authenticity of the exhibit, but not its admissibility, that stipulation shall be noted in the "comments" box.  Designation of exhibits as "Plaintiff's Exhibits," "Defendant's Exhibits," and "Other parties' Exhibits" is not necessary.  Exhibits shall be sequentially numbered.  Counsel shall ensure that identical exhibits are not listed duplicatively.

The provisions of subsection (b) of Appendix G regarding the filing of objections to exhibits are waived.  All objections to non-stipulated exhibits are deemed reserved for trial.

### Section 8: Discovery

If the discovery period has closed at the time of filing the Proposed Pre-Trial Order and no motion to re-open discovery is currently pending, any parties claiming a need to conduct additional discovery shall be prepared to show cause why a motion to re-open discovery could not have been previously filed.

2. Submission of the Proposed Pre-Trial Order

Counsel shall submit[1] a joint Proposed Pre-Trial Order to the Court via e-mail to krieger_chambers@co.uscourts.gov or on a computer disk delivered to chambers, no later than 14 days before the scheduled date of the Pre-Trial Conference. Regardless of the delivery method used, submitted documents must be in WordPerfect or Microsoft Word format,[2] and the disk label or e-mail subject line shall contain the full case name (an abbreviated form is permitted for longer case names) and docket number.  The disk label or body of the e-mail shall also contain the submitting attorney's name, address, telephone number, and e-mail address and/or fax number. **Failure to timely submit a Proposed Pre-Trial Order, or submission of a Proposed Pre-Trial Order that does not materially conform to the requirements herein may result in the**

---

[1]The Proposed Pre-Trial Order is not a pleading and should not be filed with the Clerk's Office.

[2]Counsel should be aware that some internet service providers (particularly America OnLine) and some e-mail programs automatically compress or otherwise manipulate attachments to e-mail messages.  The Court will not accept submissions received in compressed format. Counsel should contact their service providers and/or technical support for their e-mail programs to ensure that attachments are not automatically compressed or modified, or should plan to submit documents on disk rather than by e-mail.

**imposition of sanctions, including monetary sanctions, striking of claims or defenses, and/or vacatur of the scheduled trial date.**

C.    **Applicable Rules**.  This proceeding is subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of Practice for the United States District Court for the District of Colorado and the Practice Standards of the Hon. Marcia S. Krieger.  A copy of the Practice Standards is available from the Clerk's office, or can be downloaded from the Court's website at www.co.uscourts.gov/judges/msk_ps_civil.pdf.  Parties who are not represented by counsel (*pro se)* will be held responsible for knowledge of and compliance with all applicable rules and provisions of this Order.  References in this Order to "counsel" applies to parties appearing *pro se*.

**Failure to comply with the provisions of this Order or the applicable procedural rules may result in imposition of sanctions including, but not limited to vacation of the trial, barring the presentation of evidence, dismissal of claims or defenses, entry of default or awards of fees and costs in accordance with FED.R.CIV.P. 16 and 37**.

D.    **Modification of Order**.  This Order **may not be modified by agreement of the parties**.  Upon timely, written application, however, any party may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.  Extensions of time and continuances will <u>not</u> normally be granted for "press of other business" or for circumstances that could reasonably have been anticipated by counsel.

E.    **Conflicts in Trial Scheduling.**  Any problems in the trial setting or special needs for witness scheduling shall be addressed at the Pre-Trial Conference.  Except as agreed by

counsel, designated witnesses shall be available during the entire trial period and their unavailability will not constitute a basis for continuance of the trial.  Counsel should always have sufficient witnesses available to testify such that recesses or early adjournments of the trial day will not be necessary.

    At the time fixed for trial, all parties shall be present and ready to proceed.  If any party is absent or unprepared to proceed, judgment may be entered forthwith in favor of the opposing party.  If both parties are absent or unprepared, the case may be dismissed, and costs, fees or sanctions may be imposed against either or both parties and/or their counsel.

    DATED this 21st day of November 2005.

                                 **BY THE COURT:**

                                   */s/ Marcia S. Krieger*

                                   Marcia S. Krieger
                                   United States District Judge