**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  05-cv-01695-MSK-MJW

TRUSTEES OF THE COLORADO LABORERS' HEALTH AND WELFARE TRUST
FUND,

TRUSTEES OF THE COLORADO LABORERS' AND CONTRACTORS' EDUCATION
AND  TRAINING TRUST FUND,
TRUSTEES OF THE COLORADO LABORERS' DISTRICT COUNCIL VACATION
FUND,
TRUSTEES OF THE LABORERS NATIONAL PENSION FUND,
TRUSTEES OF THE OPERATING ENGINEERS' HEALTH AND WELFARE TRUST
FUND FOR COLORADO,
TRUSTEES OF THE COLORADO OPERATING ENGINEERS' VACATION FUND,
TRUSTEES OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION
OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, and
TRUSTEES OF THE COLORADO JOURNEYMEN AND APPRENTICE TRAINING
FUND FOR OPERATING ENGINEERS,

      Plaintiffs,

v.

ADAMS EXCAVATING, INC., a Colorado corporation,
THOMAS E. RICHARDSON, an individual, and
LINDA S. RICHARDSON, an individual,
ROCK SOLID EXCAVATING, LLC, a Colorado limited liability company, and
ROCK SOLID LEASING, LLC, a Colorado limited liability company

      Defendants.

---

**RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT AGAINST ADAMS EXCAVATING, INC.
(DOCKET NO. 165)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

      This matter was before the court on November 26, 2007, for hearing on Plaintiffs'

Motion for Default Judgment against Adams Excavating, Inc. (docket no. 165), pursuant

to <u>Vanable v. Haislip</u>, 721 F.2d 297, 300 (10th Cir. 1983), and <u>Hunt v. InterGlobe Energy, Inc.</u>, 770 F.2d 145, 148 (10th Cir. 1985), noting that Plaintiffs are seeking damages as well as attorney fees and costs.  The Plaintiffs were represented by counsel Cynthia A. Coleman and Dean C. Heizer II.  Defendants Thomas A. Richardson and Linda S. Richardson appeared pro se.  Defendant Adams Excavating, Inc., a Colorado corporation, failed to appear, and Defendants Rock Solid Excavating, LLC, a Colorado limited liability company, and Rock Solid Leasing, LLC, a Colorado limited liability company, also both failed to appear.  The court has considered the subject motion (docket no. 165) and has taken judicial notice of the court's file pursuant to Fed. R. Evid. 201.  In addition, the court has considered Plaintiff's exhibits 1 through 6, inclusive, that were offered and received into evidence during this hearing.  The court has also considered applicable Federal Rules of Civil Procedures, ERISA statutory law, and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court finds by a preponderance of the evidence the following:

**A.**     <u>**Procedural History**</u>

1.      On August 31, 2005, the Trustees of the Colorado Laborers' Health and Welfare Trust Fund, the Trustees of the Colorado Laborers' and Contractors' Education and Training Trust Fund, the Trustees of the Colorado Laborers' District Council Vacation Fund, the Trustees for the Laborers National Pension Fund (collectively the

"Laborers Trustees"), the Trustees of the Operating Engineers' Health and Welfare Trust Fund for Colorado, the Trustees of the Colorado Operating Engineers' Vacation Fund, the Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Trustees of the Colorado Journeymen and Apprentice Training Fund for Operating Engineers (collectively the "Operating Engineers Trustees") (collectively the "Trustees") filed their Complaint against Adams Excavating, Inc. ("Adams Excavating"), to collect unpaid fringe benefit contributions and other amounts that are owed by Adams Excavating pursuant to the terms of several collective bargaining agreements, the trust agreements incorporated therein by reference, and Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, and for damages incurred due to breaches of contract by Adams Excavating. *See* Complaint (Docket No. 1).

2. The Complaint was served on Adams Excavating on October 10, 2005, and Adams Excavating filed its Answer to the Complaint on November 18, 2005. *See* Affidavit of Service and Executed Summons for Adams Excavating, Inc. ("Return of Service") (Docket No. 6); Defendant Adams Excavating, Inc.'s Answer to Complaint (Docket No. 17).

3. On November 14, 2006, the Trustees filed their Amended Complaint, which Adams Excavating answered on December 5, 2006. *See* Amended Complaint (Docket No. 77) and Answer to Amended Complaint (Docket No. 89).

4.      Adams Excavating has not been represented by counsel in this matter since January 11, 2007, when Judge Marcia S. Krieger granted Adams Excavating's attorneys' request to withdraw.  *See* January 11, 2007 Minute Order for Proceedings Held before Judge Marcia S. Krieger (Docket No. 114).  Adams Excavating failed to appear for the hearing on November 26, 2007, on Plaintiffs' Motion for Default Judgment against Adams Excavating, Inc. (docket no. 165).

5.      On July 9, 2007, Plaintiffs filed their Motion for Entry of the Sanction of Default against Defendant Adams Excavating, Inc., for failure to perform court-ordered obligations.  *See* Motion for Entry of the Sanction of Default against Defendant Adams Excavating, Inc. (Docket No. 154) (detailing the procedural history between January 11, 2007 and July 9, 2007.)

6.      On July 19, 2007, default entered against Adams Excavating.  *See* Entry of Default (Docket No. 161).

7.      On September 25, 2007, the Trustees filed a Motion for Default Judgment against Adams Excavating, Inc.  *See* Motion for Default Judgment against Adams Excavating, Inc. (Docket No. 165)

8.      A copy of the October 16, 2007, Minute Order setting a hearing on the Motion was served upon the Defendant, Adams Excavating, Inc., on October 22, 2007. *See* Certificate of Service (Docket No. 175).

9.      This court has exclusive jurisdiction over the Trustees' claims pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185,

Section 502(e) of ERISA, 29 U.S.C. § 1132(e), and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  That venue is proper in the state and District of Colorado.

**B.    Factual Background**

10.    Adams Excavating is a Colorado corporation, and is not an infant, incompetent, officer or agent for the United States or the State of Colorado, or in the military service.  Affidavit of Cynthia A. Coleman at ¶ 6.

11.    Adams Excavating is signatory to the following collective bargaining agreements: the Colorado Statewide Laborers' Independent Building Agreement, May 1, 1998 – April 30, 2001, Statewide Laborers' Heavy-Highway Construction Agreement, May 1, 1998 – April 30, 2001, Colorado Statewide Laborers' Independent Building Construction Agreement, May 1, 2004 – April 30, 2007, Statewide Laborers' Heavy-Highway Construction Agreement, May 1, 2004 – April 30, 2007 (collectively the "Laborers CBAs"), the International Union of Operating Engineers Local 9, AFL-CIO Master Agreement Covering Colorado Building, Highway, Heavy and Engineering Work, April 23, 2001 – April 30, 2004, and the International Union of Operating Engineers Local 9, AFL-CIO Master Agreement Covering Colorado Building, Highway, Heavy and Engineering Work, May 1, 2004 – April 30, 2007 (collectively the "Operating Engineers CBAs") (collectively the "CBAs").  Affidavit of Larry Gray ("Gray" Aff.) at ¶ 9; Affidavit of Phil Burns ("Burns Aff.") at ¶ 8.

12. Pursuant to the CBAs and Trust Agreements, Adams Excavating agreed to pay certain fringe benefit contributions to the Colorado Laborers' Health and Welfare Trust Fund, the Colorado Laborers' and Contractors' Education and Training Trust Fund, the Colorado Laborers' District Council Vacation Fund, and the Laborers National Pension Fund (collectively the "Laborers Funds"), the Operating Engineers' Health and Welfare Trust Fund for Colorado, the Colorado Operating Engineers' Vacation Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Colorado Journeymen and Apprentice Training Fund for Operating Engineers (collectively the "Operating Engineers Funds") (collectively the "Funds") for each hour worked by each of Adams Excavating's employees who performed work of the types covered by the CBAs without regard to whether the employees are members of the applicable union. Gray Aff. at ¶ 14; Burns Aff. at ¶ 13.

13. The CBAs incorporate by reference the terms and conditions of the applicable Trust Agreements. Gray Aff. at ¶ 14; Burns Aff. at ¶ 13.

14. From January 1999 through August 2005, Adams Excavating employed laborers for the performance of work covered by the Laborers CBAs. Gray Aff. at ¶ 11.

15. From May 2002 through August 2005, Adams Excavating employed operating engineers for the performance of work covered by the Operating Engineers CBAs. Burns Aff. at ¶ 10.

**C.** **Unpaid Fringe Benefit Contributions**

16.     The Trust Agreements require Adams Excavating to submit a monthly report to the Trustees, setting forth the names and social security numbers of all employees of Adams Excavating who performed covered employment during the preceding month, the number of hours of covered employment performed by all employees, and the amount of contributions due to the Trustees as a result of such employment no later than the twentieth day of each month.  Affidavit of Sandra G. Brown ("Brown Aff.") at ¶ 10; Affidavit of Jan Kiesel ("Kiesel Aff.") at ¶ 10.

17.     The Trust Agreements also require Adams Excavating to submit payment to the Trustees for all of the fringe benefit contributions due with each monthly report. Brown Aff. at ¶ 11; Kiesel Aff. at ¶ 11.

18.     These contributions and reports were considered delinquent if Adams Excavating failed to timely submit them to the Trustees.  Brown Aff. at ¶ 12; Kiesel Aff. at ¶ 12.

### I.     Laborers Trustees' Damages

19.     Adams Excavating failed to properly submit monthly payments of fringe benefit contributions to the Laborers Funds for the time period from January 1999 through August 2005.  Brown Aff. at ¶ 13.

20.     Pursuant to an audit of Adams Excavating's books and records, Adams Excavating owes the Laborers Trustees $262,521.76 for unpaid fringe benefit contributions for the time period from January 1999 through August 2005.  Affidavit of Kurt Needles ("Needles Aff.") at ¶ 12.

21.     However, a portion of the fringe benefit contributions owed to the Laborers Trustees was subject to a settlement agreement between the Laborers Trustees, Adams Excavating and Tom and Linda Richardson (the "Richardsons").  Brown Aff. at ¶ 14.

22.     Paragraph 2(e) of the Settlement Agreement (the "Laborers Settlement Agreement") provides that, in the event Adams Excavating and the Richardsons default on any of the payments, the Laborers Trustees may declare the settlement agreement terminated and may pursue collection of all amounts due.  *Id.* at ¶ 16.

23.     Adams Excavating and the Richardsons were obligated under the Laborers Settlement Agreement to make 15 payments totaling $175,672.86.  *See* Laborers Settlement Agreement; Brown Aff. at ¶ 15.

24.     Adams Excavating and the Richardsons made only three payments under the Laborers Settlement Agreement for a total of $36,556.28.  Brown Aff. at ¶ 17.

25.     Therefore, Adams Excavating and the Richardsons defaulted on payments and breached the Laborers Settlement Agreement.

26.     The total of all payments made to the Laborers Trust Funds pursuant to Adams Excavating's fringe benefit contribution obligations and Laborers Settlement Agreement obligations for the time period from January 1999 through August 2005 is $65,651.50.  *Id.* at ¶¶ 17-19.

27.     After subtracting these payments received, the total amount of unpaid fringe benefit contributions due to the Laborers Trust Funds for the time period from January 1999 through August 2005 is $196,870.26.  Needles Aff. at ¶ 13.

### ii.     Operating Engineers Trustees' Damages

28.     Adams Excavating failed to properly submit monthly payments of fringe benefit contributions to the Operating Engineers Funds for the time period from May 2002 through August 2005.  Kiesel Aff. at ¶ 13.

29.     Pursuant to an audit of Adams Excavating's books and records, Adams Excavating owes the Operating Engineers Trustees $413,718.24 for unpaid fringe benefit contributions for the time period from May 2002 through August 2005.  Needles Aff. at ¶ 14.

30.     A portion of the fringe benefit contributions owed to the Operating Engineers Trustees for the time period from May 2002 through February 2005 was subject to a Settlement Agreement ("Operating Engineers Settlement Agreement") between the Operating Engineers Trustees, Adams Excavating and the Richardsons. Kiesel Aff. at ¶ 14.

31.     Pursuant to paragraph 1(a) of the Operating Engineers Settlement Agreement, Adams Excavating and the Richardsons agreed to make monthly payments to the Operating Engineers Trustees for delinquent fringe benefit contributions.  *Id.* at ¶ 15.

32.     Paragraph 1(e) of the Operating Engineers Settlement Agreement provides that, in the event Adams Excavating and the Richardsons default on any of the payments, the Operating Engineers Trustees may declare the settlement agreement terminated and may pursue collection of all amounts due. *Id.*. at ¶ 16.

33.     The Operating Engineers Trust Funds did not receive any payments under the Settlement Agreement. *Id.* at ¶ 17.

34.     The total of all payments made to the Operating Engineers Trust Funds pursuant to Adams Excavating's fringe benefit contribution obligations for the time period from May 2002 through August 2005, is $48,165.51. *Id.* at ¶ 18.

35.     Therefore, the total amount of unpaid fringe benefit contributions due to the Operating Engineers Trust Funds for the time period from May 2002 through August 2005 is $365,552.73. Kiesel Aff. at ¶ 18; Needles Aff. at ¶ 15.

**D.     Interest**

36.     Pursuant to the applicable Trust Agreements, the Laborers Trustees and the Operating Engineers Trustees are entitled to recover interest on all unpaid contributions. Brown Aff. at ¶ 20; Kiesel Aff. at ¶¶ 19, 20.

37.     Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(C), also allows the Trustees to recover interest on the unpaid fringe benefit contributions at the rate provided for in the Trust Agreements.

**I.     Laborers Trustees' Damages**

38.     Pursuant to the Trust Agreements, the Laborers Trustees are entitled to recover interest on all unpaid contributions at the rate of 18% per annum from the date of delinquency until the date of payment.  Brown Aff. at ¶ 20.

39.     Adams Excavating failed to properly submit monthly payments of fringe benefit contributions to the Laborers Funds for the time period from January 1999 through August 2005; therefore, Adams Excavating owes the Laborers Trustees the total amount of $148,540.88 for interest on the fringe benefit contributions, less payments received, calculated at the rate of 18% per annum through September 17, 2007.  Needles Aff. at ¶ 13.

### ii.     Operating Engineers Trustees' Damages

40.     Pursuant to the Trust Agreements for the Operating Engineers' Health and Welfare Trust Fund for Colorado, the Colorado Operating Engineers' Vacation Fund, and the Colorado Journeymen and Apprentice Training Fund for Operating Engineers, the Operating Engineers Trustees are entitled to recover interest on all unpaid contributions due to these Funds at the rate of 18% per annum from the date of delinquency until the date of payment.  Kiesel Aff. at ¶ 19.

41.     Pursuant to the Trust Agreement for the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, the Operating Engineers Trustees are entitled to recover interest on all unpaid contributions due to this Fund at the interest rate prescribed under Section 6621 of the Internal Revenue Code of 1954 from the date of delinquency until the date of payment.  *Id.* at ¶ 20.

42.     Adams Excavating failed to properly submit monthly payments of fringe benefit contributions to the Operating Engineers Funds for the time period from May 2002 through August 2005; therefore, Adams Excavating owes the Operating Engineers Trustees the total amount of $148,540.88 for interest on the fringe benefit contributions, less payments received, calculated per annum at these rates through September 17, 2007.  Needles Aff. at ¶ 13

**E.     Liquidated Damages**

43.     Pursuant to the applicable Trust Agreements the Laborers Trustees and the Operating Engineers Trustees are entitled to recover liquidated damages, computed as to each of the Funds, if Adams Excavating fails to accurately and timely submit any monthly report.  Brown Aff. at ¶ 21; Kiesel Aff. at ¶¶ 21, 22.

44.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), also allows the Trustees to recover liquidated damages on the unpaid fringe benefit contributions at the rate provided for in the applicable Trust Agreements or additional amount equal to the greater of the interest on the fringe benefit contributions ("double interest"), whichever is greater, in addition to the unpaid fringe benefit contributions and interest.

**I.     Laborers Trustees' Damages**

45.     Adams Excavating failed to properly submit monthly payments of fringe benefit contributions to the Laborers Funds for the time period from January 1999 through August 2005; therefore, Adams Excavating owes the Laborers Trustees the greater of liquidated damages calculated at the rates set forth in the Laborers Trust

Agreements for that time period or additional amount equal to the interest on the fringe benefit contributions.

46.     Because the $148,540.88 in interest on the unpaid fringe benefit contributions is greater than the $25,902.51 for liquidated damages provided for in the Laborers Trust Agreements, the Laborers Trustees have elected to recover double interest.

47.     Accordingly, Adams Excavating owes the Laborers Trustees an additional $148,540.88.

### ii.     Operating Engineers Trustees' Damages

48.     Adams Excavating failed to properly submit monthly payments of fringe benefit contributions to the Operating Engineers Funds for the time period from May 2002 through August 2005; therefore, Adams Excavating owes the Operating Engineers Trustees the greater of liquidated damages calculated at the rates set forth in the Operating Engineers Trust Agreements for that time period or additional amount equal to the interest on the fringe benefit contributions.

49.     Because the $165,943.31 in interest on the unpaid fringe benefit contributions is greater than the $56,285.95 for liquidated damages provided for in the Operating Engineers Trust Agreements, the Operating Engineers have elected to recover double interest.

50.     Accordingly, Adams Excavating owes the Operating Engineers Trustees an additional $165,943.31.

**F.    Attorneys' Fees and Costs**

51.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the

Laborers Trustees and Operating Engineers are entitled to an award of their reasonable

attorneys' fees and costs.  Section 502(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on
> behalf of a plan to enforce section 1145 of this title in which
> a judgment in favor of the plan is awarded, the court shall
> award the plan…reasonable attorney's fees and costs of the
> action, to be paid by the defendant. . . .

52.    Additionally, pursuant to the applicable Trust Agreements, Adams

Excavating is liable for all expenses of collection of any amounts due, including, but not

limited to, audit costs, court costs, and reasonable attorneys' fees.  Brown Aff. at ¶ 22;

Kiesel Aff. at ¶ 23.

53.    The Trustees seek $61,212.95 in reasonable attorneys' fees for 511.57

hours on this case.  Coleman Aff. at ¶¶ 10, 14.

54.    The Trustees seek costs in the amount of $7,814.74.  Coleman Aff. at ¶

15.

55.    The costs associated with conducting the payroll examination total

$48,193.66.  Needles Aff. at ¶ 17.

56.    Therefore, the Trustees are entitled to recover their attorneys' fees and

costs, including the costs associated with the audits, in the total amount of $117,221.35.

57.    The attorney fees in the amount of $61,212.95 are fair, reasonable, and

necessary.

58.   The costs in the amount of $7,814.74 are fair, reasonable, and necessary.

59.   The Pro Se Defendants Thomas E. Richardson and Linda S. Richardson did not produce any evidence during this hearing on November 26, 2007, and did not contest the subject motion (docket no. 165).

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this Court **RECOMMENDS**:

1.   That Plaintiffs' Motion for Default Judgment against Adams Excavating, Inc. (docket no. 165), be **GRANTED**;

2.   That Judgment shall enter in favor of Plaintiff Laborers Trustees and against Defendant Adams Excavating, Inc. in the following amounts:

   a.   $196,870.26 for the Laborers Trustees' unremitted fringe benefit contributions; and

   b.   $297,081.76 for double interest on the Laborers Trustees contributions calculated through September 17, 2007;

3.   That Judgment shall enter in favor of Plaintiff Operating Engineers Trustees and against Defendant Adams Excavating, Inc. in the following amounts:

   a.   $365,552.73 for the Operating Engineers Trustees' unremitted fringe benefit contributions; and

   b.   $331,886.62 for double interest on the Operating Engineers Trustees contributions calculated through September 17, 2007;

4.   That Judgment shall also enter in favor of the Plaintiffs Laborers Trustees

and Operating Engineers Trustees and against Defendant Adams Excavating,

Inc., in the amount of $117,221.35 for their reasonable attorneys' fees and costs;

5.      That Plaintiffs Laborers Trustees and Operating Engineers Trustees are

entitled to post-judgment interest on the above Judgment; and,

6.      That there is no just reason for delay in entering this judgment pursuant to

Fed. R. Civ. P. 54(b).

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the
parties have ten (10) days after service of this recommendation to serve and file
written, specific objections to the above recommendation with the District Judge
assigned to the case.  The District Judge need not consider frivolous, conclusive,
or general objections.  A party's failure to file and serve such written, specific
objections waives *de novo* review of the recommendation by the District Judge,
Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives
appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of
Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411,
1412-13 (10th Cir. 1996).**

Done this 28th day of November 2007.

BY THE COURT:

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE