IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01695-MSK-MJW

TRUSTEES OF THE COLORADO LABORERS' HEALTH AND WELFARE FUND,
TRUSTEES OF THE COLORADO LABORERS' AND CONTRACTORS' EDUCATION AND TRAINING TRUST FUND,
TRUSTEES OF THE COLORADO LABORERS' DISTRICT COUNCIL VACATION FUND,
TRUSTEES OF THE COLORADO LABORERS' NATIONAL PENSION FUND,
TRUSTEES OF THE OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR COLORADO,
TRUSTEES OF THE COLORADO OPERATING ENGINEERS' VACATION FUND,
TRUSTEES OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, and
TRUSTEES OF THE COLORADO JOURNEYMEN AND APPRENTICE TRAINING FUND FOR OPERATING ENGINEERS,

       Plaintiffs,

v.

ADAMS EXCAVATING, INC., a Colorado corporation,

       Defendant.

## ORDER ON MOTION FOR DEFAULT JUDGMENT

THIS MATTER comes before the Court on the Plaintiffs' Motion for Default Judgment Against Adams Excavating, Inc. (**#165**), which the Magistrate Judge recommends (**#178**) be granted. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Plaintiffs assert claims against Defendant Adams Excavating, Inc. under federal and state law. Therefore, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1367.

## II.  Procedural Background

On July 9, 2007, the Plaintiffs moved **(#154)** (entitled and docketed as "Motion for Entry of the Sanction of Default Against Defendant Adams Excavating, Inc.) for the entry of a default against the Defendant as a sanction.  The Court referred the motion to the Magistrate Judge.

Before the Magistrate Judge could rule on the motion, on July 19, 2007, the Clerk of Court entered a default **(#161)** against the Defendant.   The entry of default states: "It appearing from the file in this office that a return of service was filed showing service on the defendant ADAMS EXCAVATING, INC., a Colorado corporation on October 10, 2005, and that said defendant has failed to file a pleading or otherwise defend, default is entered pursuant to Fed.R.Civ.P. 55(a)."

The Plaintiffs now move for the entry of a default judgment against the Defendant.  The Magistrate Judge held an evidentiary hearing on the motion **(#177),** and recommends that the motion be granted.

## III.  Issues Presented

The first issue is whether the Clerk of Court properly entered a default against the Defendant, and if not, whether a default should enter against the Defendant as a sanction. Depending on the outcome of this issue, the next is whether the recommendation of entry of default judgment against the Defendant should be adopted.

## IV.  Standard of Review

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of the recommendation by filing specific objections within 10 days of the party's receipt of

the recommendation. Here, because no party filed any objections, the Court may apply whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

**V. Analysis**

**A. Clerk's Entry of Default**

Pursuant to Fed. R. Civ. P. 55 (a), a Clerk of the Court may enter a party's default if a party has failed to plead or otherwise defend. It was under this authority that the Clerk entered default against the Defendant.

Upon review, it appears that the Clerk's entry of a default was in error. The motion did not request entry of a default based upon the failure to plead or defend, but instead as a sanction for failure to obtain counsel as required by D.C.COLO.LCivR 83.3(D) and for failure to comply with court orders. Indeed, the docket shows that the Defendant responded to each Complaint filed by Plaintiffs.[1] Accordingly, the Clerk's default is vacated.

**B. Default as Sanction**

The Clerk's entry of default terminated Plaintiff's motion, depriving the Magistrate Judge of the opportunity to rule upon it. The Court now reinstates that motion and withdraws the reference of it to the Magistrate Judge.

The Plaintiffs move for the entry of a default against the Defendant as a sanction for the Defendant's failure to comply with court orders rules including attending a scheduling conference and having an attorney enter an appearance on its behalf. Pursuant to Fed. R. Civ. P. 16(f), the

---

[1] Although the original Complaint **(#1)** was served on the Defendant on October 10, 2005, the Defendant filed an Answer **(#17)**.. In addition, the Plaintiffs filed an Amended Complaint **(#58, #77)**, and the Defendant filed an Answer to it **(#89)** as well.

Court may enter a default against a party which fails to appear at a scheduling conference, fails to participate in the conference, or fails to comply with a scheduling or other pretrial order.

This sanction is dispositive, akin to the sanction of dismissal of a party's claims or defenses. Thus, the Court considers the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors are: (1) the prejudice to the Plaintiffs of the Defendant's conduct; (2) the extent to which the Defendant's conduct interfered with the judicial process; (3) the Defendant's culpability; (4) whether the Court warned the Defendant that a default was a possible sanction for its conduct; and (5) whether a lesser sanction would have any efficacy.

The Defendant is a legal entity which is incapable of representing itself. *See* D.C.COLO.LCiv.R 83.3(D); *Harrison v. Wahatoyas, L.L.C.,* 253 F.3d 552, 556 (10th Cir. 2001). It has been without legal representation since January 11, 2007, when Defendant's attorney was authorized to withdraw. At such time the Defendant was advised that it could not appear in court without an attorney, and if it failed to comply with the Court's orders, a default could be entered against it.

After its counsel withdrew, the Defendant failed to participate in the preparation of a proposed amended scheduling order, failed to appear at the March 2, 2007 scheduling conference **(#119)**, and failed to appear at a show cause hearing/status conference on June 21, 2007 **(#152)**. This has impeded the progress of the case, prejudicing the Plaintiffs by delaying the determination of their claims, and interfered with the legal process. Due to the inaction of the Defendant, the case is at a standstill, and no sanction short of a default would have any efficacy. Therefore, the Court grants the motion to enter the sanction of default against the Defendant, *nunc pro tunc* to the date when it was originally entered.

## C. Default Judgment

The Magistrate Judge recommends that a judgment by default enter against the Defendant. He finds that the Defendant is a corporation, is not an infant, incompetent, officer, or agent of the United States or the State of Colorado, and is not in the military service. He also finds that the Defendant is a signatory to several collective bargaining agreements which required it to make fringe benefit contributions to various trust funds, for which the Plaintiffs are the trustees, but that the Defendant failed to make such payments. He also finds that the Plaintiffs are entitled to recover liquidated damages in the form of double interest in accordance with the terms of the trust agreements. Finally, he finds that the Plaintiffs should be awarded attorney fees and costs in the amount of $117,221.35 under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

The Magistrate Judge recommends that a judgment by default in favor of the Laborers Trustees[2] and against the Defendant in the following amounts:

a. $196,870.26 for unremitted fringe benefit contributions; and
b. $297,081.76 for double interest on the Laborers Trustees' contributions calculated through September 17, 2007.

He also recommends that a judgment enter by default in favor of the Operating Engineers Trustees[3] and against the Defendant in the following amounts:

a. $365,552.73 for unremitted fringe benefit contributions; and
b. $331,886.62 for double interest on the Operating Engineers Trustees' contributions calculated through September 17, 2007.

He further recommends that a judgment enter by default in favor of Laborers Trustees and

---

[2] This is a shorthand used by the Magistrate Judge to describe the first four Plaintiffs in the caption.

[3] This is a shorthand used by the Magistrate Judge to describe the last four Plaintiffs in the caption.

Operating Engineers Trustees and against the Defendant in the amount of $117,221.35 for their attorney fees and costs. Finally, he recommends that the Court award these Plaintiffs post-judgment interest. These recommendations are neither clearly erroneous nor contrary to law.

**IT IS THEREFORE ORDERED** that:

(1) The Clerk's entry of default **(#161)** is **SET ASIDE**.

(2) The Plaintiffs' motion for the entry of default as a sanction **(#154)** is **REINSTATED,** the reference of such motion to the Magistrate Judge is **WITHDRAWN,** and the motion is **GRANTED**.

(3) A default is entered against the Defendant as a sanction, *nunc pro tunc* to July 19, 2007.

(4) The Court adopts the recommendation **(#178)** of the Magistrate Judge that the motion for the entry of a default judgment **(#165)** be granted; said motion is **GRANTED**. Judgment shall enter in the amounts specified in this order, and the Plaintiffs shall be entitled to recover post-judgment interest.

(5)     The Clerk of Court is directed to close this case.

Dated this 6th day of March, 2008

                                          **BY THE COURT:**

*[signature: Marcia S. Krieger]*

                                          Marcia S. Krieger
                                          United States District Judge